19710. HARLEY *v.* LIFE AND CASUALTY INSURANCE
COMPANY OF TENNESSEE.

DECIDED JULY 10, 1929.

*Neufville & Neufville,* for plaintiff.

*Carl B. Copeland,* for defendant.

BLOODWORTH, J.   John T. Harley brought suit against the Life
& Casualty Company of Tennessee, upon an accident-insurance
policy, alleging, in part, that when he was walking on a sidewalk
in the City of Atlanta an automobile going at a rapid rate of speed
in the middle of the street passed him, going in an opposite direc-
tion, and that as it passed him a nut on the wheel became detached,
and, flying in a swift and violent manner, struck him in the left
eye and caused the loss of sight in that eye.   The defendant ad-
mitted that the policy was in force at the time of the accident, but
denied liability.   After the introduction of evidence a nonsuit was
granted, and the plaintiff excepted.

The provision of the policy of insurance applicable to this case
is as follows:   "If the insured be struck or knocked down, or run
over  .  .  by a vehicle propelled by steam,  .  .  gasoline," etc.
The insured was protected by his policy if struck, knocked down,
or run over by an automobile.   A nut, flying off of an automobile,
is not an automobile or a substantial portion thereof.   See, in this
connection, *Great Eastern Casualty Co.* v. *Blackwelder,* 21 *Ga. App.*
586 (94 S. E. 843).   Furthermore, the plaintiff was the only wit-
ness who testified that he was struck by the nut, and his testimony,
construed as a whole and most strongly against him, fails absolutely
to show that the nut came from an automobile.   He testified that he
did not see the nut come off the automobile, and did not know what
struck him until he saw the nut upon the sidewalk near him *after he*

*was injured.* His statement that it flew off the automobile (when he did not see it fly off) is a mere conclusion and not supported by any evidence. It is just as reasonable to infer that the nut was lying on the street and that the automobile struck the nut and put it in motion and thereby caused it to strike the insured. The nonsuit was properly granted.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*