EYNON v. CONTINENTAL LIFE INSURANCE CO. OF MISSOURI.

INSURANCE—ACCIDENT POLICY.

Insured's death from injuries caused by explosion of tire while he was inflating it at gasoline filling station was not within terms of policy covering death or disability from injuries caused by wrecking or disablement of automobile in which insured is riding or driving or by being accidentally thrown therefrom.

Error to Bay; Houghton (Samuel G.), J. Submitted October 23, 1930. (Docket No. 138, Calendar No. 35,099.) Decided December 2, 1930.

Assumpsit by Susie Eynon, administratrix of the estate of Henry Eynon, deceased, against Continental Life Insurance Company of Missouri, on an insurance policy. From a judgment for defendant, plaintiff brings error. Affirmed.

*George C. Ryan,* for plaintiff.

*Hewitt & Brooker,* for defendant.

WIEST,. C. J. Defendant, in consideration of $1 and an agreement to read a certain newspaper, insured Henry Eynon "against death or disability resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means and sustained by the insured in the manner following:
\* \* \*

"By the wrecking or disablement of any private automobile, motor driven car or horse drawn vehicle, in which the insured is riding or driving, or by being accidently thrown from such automobile, car or vehicle. \* \* \*

"By being struck or knocked down or run over while walking or standing in or on a public highway, by any automobile, or any vehicle propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power (excluding injuries sustained while working in a public highway, or while on a railroad right of way)."

November 16, 1927, Mr. Eynon drove his automobile to a gasoline filling station in Bay City to

inflate a tire. He stopped his automobile at the street curb, stepped to the ground and applied the air to the disabled tube, and an explosion followed, causing the outer rim and tube to fly from the wheel and strike his face and body, inflicting injuries from which he died within a few hours.

Claiming that the accident was within the coverage of the policy, as above mentioned, this suit was prosecuted by the administratrix of his estate to recover the stipulated insurance.

The insured was not riding in or driving his car, nor was he accidently thrown from his car, neither was he struck or knocked down or run over by a motor vehicle within the terms of the policy.

Much ingenuity in exhibited by counsel in an endeavor to bring the accident within the policy, but it all falls before a reading of the plain words employed, limiting liability to accidents happening in a specified manner, and, therefore, to none other. The language is too plain to call for construction and bars separation of words therein from the context.

The judgment is affirmed, with costs to defendant.

This disposition of the case renders it unnecessary to decide defendant's motion to dismiss.

BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.