14932

WALKER v. COMMERCIAL CASUALTY INS. CO.

(4 S. E. (2d), 248)

July, 1938.

*Messrs. J. Wesley Crum* and *H. L. O'Bannon,* for appellant,

*Messrs. Cooper & Maher,* for respondent,

August 3, 1939.

The opinion of the Court was delivered by MR. G. DEWEY OXNER, ACTING ASSOCIATE JUSTICE.

Appellant seeks in this action to recover certain benefits under an insurance policy issued by respondent on October 7, 1936, on the life of Ella Walker. Appellant is named as beneficiary under the policy. The insured, Ella Walker, was confined to her bed on May 8, 1937, with an illness which resulted in her death on May 16, 1937. Her death did not result from bodily injury sustained through accidental means, but solely from the illness above mentioned. The only issue is the amount appellant is entitled to recover under the policy. Appellant contends that respondent is liable for $300.00 for the death of the insured from natural causes, $50.00 under clause "H" of the policy to cover all reasonable expenses put upon the insured during such illness, and a month's illness indemnity of $15.00. Respondent contends that the limit of its liability for the death of the insured from natural causes is $65.00, represented by the last two items above mentioned, which amount it offered to appellant who declined to accept it. The only issue in controversy is whether under the terms of the policy there is an indemnity in the sum of $300.00 for death from natural causes. The case was submitted to his Honor, Judge Rice, on an agreed statement of facts, who held that the indemnity of $300.00 did not apply to death from natural causes. Appellant appeals from this order.

The policy is not set out in full in the Transcript of Record. According to the agreement of counsel, only the following portion of the policy has any bearing upon the issue in controversy.

The policy, in large, bold, black type, has the following statement on the back and at the top of the page immediately preceding the contract, to wit: "This policy provides indemnity for loss of life, limb, limbs, sight or time caused by accidental means, or for natural death, or for disability by illness to the extent herein provided."

The relevant portions of the contract are as follows:

"Commercial Casualty Insurance Company, Newark, New Jersey, does hereby insure Ella Walker (hereinafter called the insured) subject to all of the conditions and agreements herein contained and endorsed * * *, against death, and disability resulting directly and exclusively of all other causes, from bodily injury sustained solely through external, violent and accidental means (excluding suicide, sane or insane), hereinafter called 'Such Injury', and against disability caused from any bodily disease or illness which is contracted and begins during the life of this policy and after same has been in force for not less than thirty (30) days from date of isue, hereinafter called 'Such Illness', as follows:

"(AA) Principal Sum $300.00 Dollars.

"Monthly Accident Indemnity $15.00 Dollars.

"Monthly Illness Indemnity $15.00 Dollars.

### "Accident Insurance

"(A) If any one of the following specific losses shall result solely from such injury within ninety days from date of accident the Company will pay, in lieu of all other indemnity, for loss of:

"Life from accident—The Principal Sum; Both Eyes—The Principal Sum; One Eye and One Hand—The Principal Sum; One Hand—One-Half the Principal Sum; Both Hands—The Principal Sum; One Hand and One Foot—The Principal Sum; One Foot—One-Half the Principal Sum; Both Feet—The Principal Sum; One Eye and One Foot—The Principal Sum; One Eye—One-third the Principal Sum."

"The occurrence of any loss for which benefit is payable under the terms of Paragraph A, of this Policy, shall at once terminate the Insurance effected by this Policy and not more than one of the benefits provided in this paragraph 'A' will be paid under any circumstances." (Clauses B to G, inclusive, are irrelevant and omitted.)

## "Death from Illness

"(H) If illness for which indemnity is payable under this policy is of such a serious character that it results fatally after the expiration of a period of forty-five days (45) from date of policy, the Company will pay an additional indemnity on account of such illness, sufficient in amount, to cover all reasonable expenses put upon the Insured during such illnes and by reason thereof, not exceeding fifty dollars ($50-.00) in amount."

Counsel agree that the omitted parts do not provide any indemnity for death from natural causes and have no bearing upon the construction of the above-quoted parts of the contract of insurance.

In construing this policy, certain established principles, applicable in the construction of insurance contracts, must be kept in mind. Among them, the following may be stated:

"The parties have the right to make their own contracts and when such contracts are capable of clear interpretation the Court's duty is confined to the enforcement thereof; it cannot exercise its discretion as to the wisdom of such contract or substitute its own for that which was agreed upon." *Brown v. Mutual Life Insurance Co. of New York*, 186 S. C., 245, 195 S. E., 552, 555.

"Where the language of such a contract may be understood in more senses than one or where it is doubtful whether given words were used in an enlarged or a restricted sense, other things being equal, that construction should be adopted which is most beneficial to the insured." *Prosser v. Carolina Mutual Benefit Corp.*, 179 S. C., 138, 183 S. E., 710, 712.

"Printed insurance contracts prepared by experts in any respect ambiguous or capable of two meanings must be construed in favor of the assured." *Jennings v. Clover Leaf Life & Casualty Co.*, 146 S. C., 41, 143 S. E., 668, 670.

"In the construction of insurance contracts, * * * in cases of doubt, uncertainty, manifest ambiguity, or susceptibility of two equally reasonable interpretations, since the language used is the selection and arrangement of the insurer. such contracts must be liberally construed in favor of the insured." *Parker v. Jefferson Standard Life Ins. Co.,* 158 S. C., 394, 155 S. E., 617, 618.

In support of its contention that the policy indemnifies against death from natural causes, appellant calls attention to the use of a comma after the word "death" in the first paragraph of the policy. Appellant contends that if the insurer intended to restrict the coverage to death from bodily injury sustained through accidental means, the above-mentioned comma would not have been inserted, but a comma would have been used after the word "disability." Respondent says that the use of the comma at the place indicated may have been improper, but contends that the impropriety of its insertion, from a grammatical point of view, could not serve to change or defeat what respondent says is the clear meaning of the sentence taken as a whole, or the intention of the parties as evidenced by the entire contract.

If respondent's construction of the contract is correct, the use of the comma in controversy was improper and tends to obscure the meaning intended.

"Punctuation 'may be resorted to as an aid in construction when it tends to throw light on the meaning.' " *Lunt v. Aetna Life Ins. Co.,* 253 Mass., 610, 149 N. E., 660, 662. However, punctuation will not control or change a meaning which is plain from a consideration of the whole document. It is always subordinate to the text; and, while it may sometimes shed light upon the meaning of the parties, it is not allowed to overturn what seems the plain meaning of the whole document. *Travelers' Insurance Co. v. Pomerantz,* 124 Misc., 250, 207 N. Y. S., 81; *Zantow v. Old Line Accident Insurance Co.,* 104 Neb., 655, 178 N. W., 507.

Applying the foregoing rules of construction, while we are inclined to think that the use of the comma in question tends to create some ambiguity as to the true meaning intended for the word "death", we are not prepared to say that this, standing alone and unaccompanied by other circumstances, is sufficient to warrant the construction sought by appellant.

The major difficulty from respondent's standpoint is the quoted statement in large, bold, black type on the back and top of the page immediately preceding the contract. In this statement it is clearly and unequivocally stated that the policy provides indemnity for natural death. One looks in vain in the body of the policy for a provision to cover indemnity for natural death. The last paragraph of the policy quoted herein provides no such indemnity. This paragraph only covers indemnity for illness which results in death. It is captioned "Death from Illness," which is inaccurate, and should be "Illness Resulting in Death."

The learned Circuit Judge in his order makes no reference to the statement above referred to and apparently did not take same into consideration in construing the contract.

We are relieved of the necessity of determining whether this statement constitutes a part of the contract. Such is conceded by respondent. Counsel for respondent in their brief state that this provision "is a printed provision of the contract." We may add that this appears to be in accord with the authorities. In the case of *Hessler, Adm'r, v. Federal Casualty Co.*, 190 Ind., 68, 129 N. E., 325, 327, 14 A. L. R., 1329, the Court says: "In construing a policy of accident insurance, words printed on the back of the policy purporting to sum up what is embraced by it, constitute a part of the contract, and are to be taken into consideration in its construction." To the same general effect is the case of *Iowa Life Insurance Co. v. Lewis*, 187 U. S., 335, 23 S. Ct., 126, 47 L. Ed., 204.

Considering this statement as a part of the contract, we think it is clear that the contract is reasonably susceptible of the interpretation that it covers indemnity for death from natural causes. While any ambiguity caused by the improper use of the comma in the first paragraph of the policy may be insufficient to cause the policy to be open to the construction sought by respondent, this circumstance, coupled with the positive declaration in the statement in large, black type that the policy indemnifies for natural death, when, apart from the first paragraph, there is no such provision, leads to the conclusion that the policy is susceptible of "two equally reasonable interpretations." Construing the policy most strongly against the insurer, and adopting that construction which is most beneficial to insured, we think that the trial Judge erred in the construction adopted.

Even though such statement be not considered as a part of the contract, it represents a construction which the company itself has placed upon the contract. The following language used by the Court in the case of *Deer & Son v. Employers Indemnity Corp.*, 7 Cir., 77 F., 2d, 175, 176, is applicable: "If the language it adopts in its contract is capable of two constructions, it cannot be permitted to adopt one meaning in selling the policy and another in avoiding liability."

The following observation of this Court in the case of *McKendree v. Southern States Life Insurance Co.*, 112 S. C., 335, 99 S. E., 806, 807, is appropriate here: "The ordinary man who buys a policy would judge the clause in issue to mean that which the plain words of it imply, and especially is that true when those words, in the instant case, are printed in bold type * * * clauses like the instant one are calculated to lure men into taking insurance who would not otherwise do so."

There is no difference in principle between the present case and the case of *Hessler, Adm'r, v. Federal Casualty Co.*,

*supra.* In that case assured died from gunshot wounds inflicted by a robber. There was a provision conspicuously printed on the back of the policy to the effect, among others, that it covered injuries inflicted by robbers. The policy contained a provision, in small type, that in case of "injuries intentionally inflicted upon the insured by himself or by any other person," the limit of the company's liability would be twenty per cent. of the amount which would otherwise be payable. The principal sum named in the policy was five hundred dollars. The Court held that the provision on the back of the policy controlled and permitted recovery for the full amount of five hundred dollars. The Court said: "There is hardly room for doubt that, when the policy with the quoted statement printed on the back of it was presented to the insured in soliciting his application for insurance and collecting the initial premium, he would understand that he was insured for $500.00 against death inflicted by a gun in the hands of a robber who might invade his working place, and that the appellee company printed those words below the application on the back of the policy with the intention that the insured should so understand his contract. The construction thus suggested to induce the execution of the contract and the payment of premiums must be adhered to in settling for a loss covered by the policy."

While there appear to be no decisions from this Court bearing directly upon the question involved, there are certain observations of the Court in the case of *Shultz v. Benefit Ass'n of Railway Employees,* 175 S. C., 182, 178 S. E., 867, tending to sustain the views herein expressed.

The judgment of the Circuit Court is reversed, and the case is remanded for disposition in accordance with the conclusions herein reached.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.