AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA,

*v.*

DENNIS CUTSHALL.

(*Knoxville*, September Term, 1958.)

Opinion filed June 5, 1959.

N. R. COLEMAN, JR., Greeneville, FRAKER, SILVERS & COLEMAN, Greeneville, of counsel, for plaintiff in error.

Jоhn A. Armstrong, Greeneville, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

The sole question here is what is the proper construction of that provision hereinafter quoted of an accident insurance policy of which Vestal Cutshall is a beneficiary. Because the facts are stipulated, the appeal of the Insurance Company is directly to this Court.

While Cutshall was riding as a passenger on a motorcycle being operated upon a public highway the operator thereof lost control of it. The result was that this motorcycle skidded directly into the path of an oncoming automobile. By reason of the resulting collision Cutshall

"was thrown from the motorcycle over the hood of the automobile and struck the pavement, shoulder and ditch of the Highway, *without at any time coming into contact with any part of the automobile.*" (Emphasis added.)

In the necessary treatment of his injuries, he sustained hospital and medical expenses in excess of the $500 limitation provided therefore by the policy. The Insurance Company refused to reimburse him on the ground that the accident did not fall within the scope of the policy. Cutshall sued. The Circuit Court awarded him a judgment of $500, the limitation provided by the policy.

The policy agrees to pay all reasonable medical and hospital expenses of a beneficiary

"who sustains bodily injury, sickness, or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident *while occupying or through being struck by an automobile.*" (Italics supplied.)

That is, in so far as this suit is concerned, the contract is to pay medical and hospital expenses to the extent of $500 of a beneficiary

"who sustains bodily injury * * * caused by accident * * * through being struck by an automobile."

The position of the Insurance Company is that this language means that the body of the beneficiary must come "into physical contact with an automobile before he can recover"; that, therefore, Cutshall does not come within the terms of the contract. The beneficiary insists, and the Court held, that physical contact was not necessary.

The nearest approach in Tennessee to a decision of this question is *Maness v. Life & Casualty Insurance Company*, etc., 161 Tenn. 41, 28 S.W.2d 339. The insurance policy there protected the insured.

"against the result of bodily injuries * * * effected solely by external, violent and accidental means strictly in the manner hereafter stated * * * if the insured shall be struck by a vehicle which is being propelled by * * * gasoline * * * while insured is walking or standing on a public highway."

While the insured in that case was walking along a graveled highway he was struck in the eye, and the eye destroyed, by a rock thrown into the air by the turning wheels of an automobile which passed him at a rapid speed. There, as here, the insurer defended on the ground that he had not been struck by "a vehicle"; hence, that his injury did not fall within the risk insured against. This Court in rejecting that insistence said this:

"The peril against which the insured here had bought protection was that of a blow from a moving vehicle on a public highway. He could not, of course, have been struck except by a vehicle in motion. No part of the automobile hit his eye. The automobile hit the rock and cast it into his eye. A blow from the automobile was the efficient and proximate cause of his injury. It seems immaterial that the moving car struck him with a rock instead of with some part of the machine. He was none the less struck, and the agency which inflicted the blow was a moving vehicle upon a public highway, against blows from which he had contracted for indemnity."

■ With equal accuracy it can be said in this case that the peril insured against was that of a blow from an automobile. No part of the automobile hit his body, but the automobile and the motorcycle collided, causing a blow between, and by, the two. That blow injured Cutshall. It is immaterial that this blow in which the automobile participated threw him to the ground rather than against the automobile. It is logical to conclude that what the parties had in mind was insurance against injuries inflicted by a blow in which an automobile participates.

■ The fact that the motorcycle, without fault upon the part of the driver of the automobile, started the chain of events which resulted in the blow is of no consequence. "Since the action is one in contract and not in tort, a determination of the proximate cause is not a determination of liability under the policy. The question of causation merges in the more fundamental question whether the" injury inflicted was "the result of a risk or hazard against which the insured was covered by the policy." *Colley v. Pearl Assur. Co.*, 184 Tenn. 11, 15, 195 S.W.2d 15, 16.

The contract in the Maness case is in effect the same as in the case at bar, except that the contract here is more favorable to Cutshall than the provision in the Maness case was to its insured, in that the provision there is that the bodily injuries must be inflicted "strictly in the manner hereafter stated". The policy in the case at bar does not contain the word "strictly".

Under the authority of the Maness case, this Court sees no escape from the conclusion that the proper construction of the provision in question does not necessitate

physical contact of the body of the insured with the automobile as a prerequisite to recovery. Injury to the body of the insured by reason of a blow in which the automobile participated is sufficient to bring the insured within the terms of the risk insured against under the language of this provision.

This Court is all the more persuaded to the conclusion stated by reason of the fact that the Georgia case of *Harley v. Life & Casualty Insurance Company*, 40 Ga. App. 171, 149 S.E. 76, involving the same accident policy provision as that in the Maness case, held that the loss of the sight of an eye as the result of being struck by a nut which had become detached from the wheel of the automobile passing the insured did not come within the contract provision. The Georgia Court explained its holdings as follows: "The insured was protected by his policy if struck, knocked down, or run over by an automobile. A nut, flying off of an automobile, is not an automobile or a substantial portion thereof".

As heretofore observed, the contract in the present case is, with the more favorable to insured exception above mentioned, in effect the same as in the Maness case. And in as much as the Georgia Court and the Tennessee Court disagree as to the construction to be placed in the provision there involved, the most favorable view to the Insurance Company that may be taken here is that the provision in question is ambiguous. Any ambiguities must be construed against the company. *Colley v. Pearl Assur. Co.*, supra.

In 138 A.L.R., page 412, there is this annotation which seems somewhat in point:

"In *Barns v. Great American Indem. Co.*, 1938, 60 Ohio App. 114, 19 N.E.2d 903, it was held that an accident insurance policy which provided a coverage for one injured in consequence of 'being struck, run down, or run over' by an automobile might cover an injury to one who suffered an accident while attempting to avoid being struck by an oncoming automobile and when in imminent danger of being struck, even though the moving machine did not come in contact with his body, it being unnecessary that the person seeking to recover on account of the peril of being run over should show that the insured was thrown to the street by a physical impact of a moving machine."

The case at bar is even stronger than the Ohio case, supra, in that the insured here was thrown to the street by the physical impact of the moving motorcycle with the moving automobile.

Judgment affirmed.