## 17781

Roy T. QUINN, Respondent, v. STATE FARM MUTUAL AUTO-MOBILE INSURANCE COMPANY, Appellant

(120 S. E. (2d) 15)

*Messrs. L. Paul Barnes* and *Butler & Chapman,* of Spartanburg, *for Appellant,*

*Frank Sawyer, Esq.,* of Spartanburg, *for Respondent,*

May 11, 1961.

Moss, Justice.

Roy T. Quinn, the respondent herein, brought this action against State Farm Mutual Automobile Insurance Company, the appellant herein, to recover benefits under a policy of insurance, which provides for the payment of medical expenses for injury resulting from "being struck by an automobile".

It is alleged in paragraph 4 of the complaint,

"That on or about April 18, 1959, approximately 11:00 A. M. the Plaintiff stopped on Highway 85 near Blacksburg, South Carolina, to watch an automobile wrecker get out of a gully beside said Highway. The driver of the wrecker, Mr. C. H. Shook, placed a piece of timber under the rear wheels for traction. Said driver got into the wrecker and spun the wheels causing the piece of timber to be thrown against the Plaintiff's leg breaking it. As a result of said accident the Plaintiff has incurred medical expenses in the amount of Seven Hundred Fifty ($750.00) Dollars. That the automobile wrecker was the proximate cause of the Plaintiff's injury."

The appellant interposed a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action, in that:

"(a) The Complaint affirmatively shows upon its face that the injuries allegedly received by the Plaintiff were due to his being struck by a piece of timber and not by an automobile.

"(b) That the allegations of the Complaint affirmatively show that the coverage of the insurance policy was for injury resulting from being struck by an automobile, while the allegations in the Complaint show that the Plaintiff was injured by an agency other than an automobile, to wit: a piece of timber."

The demurrer to the complaint was heard by the Honorable Charles M. Pace, Judge of the Spartanburg County Court. He overruled the demurrer and held that the complaint stated facts sufficient to constitute a cause of action. This appeal is from the order overruling the demurrer and raises the single question of whether the injury received by the respondent was the result of being struck by an automobile, when the allegations of the complaint show that a piece of timber was thrown against the leg of the respondent by the spinning wheels of an automobile wrecker.

It is elementary that in passing upon a demurrer, the Court is limited to a consideration of the pleadings under attack, all of the factual allegations whereof that are properly pleaded, are for the purpose of such consideration deemed admitted. *Warr v. Carolina Power & Light Co.,* 237 S. C. 121, 115 S. E. (2d) 799.

It is a well settled rule that the terms of an insurance policy must be construed most liberally in favor of the insured and where the words of a policy are ambiguous, or where they are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured. *Pitts v. Glen Falls Indemnity Company,* 222 S. C. 133, 72 S. E. (2d) 174. However, in cases where there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. If the intention of the parties is clear, the Courts have no authority to change the contract in any particular. The Court has no power to interpolate into the agreement between the insurer and the insured a condition or stipulation not contemplated either by the law or by the contract between the parties. *Chastain v. United Ins. Co.,* 230 S. C. 465, 96 S. E. (2d) 464.

Even though the policy of insurance here involved is not before us, the complaint shows that it contained a limitation of coverage to injury received when "struck by an automobile." The complaint further shows

that the respondent was struck by a piece of timber which was thrown against his leg by the revolving wheel of an automobile wrecker, thereby breaking his leg, with resulting medical expenses for the treatment of such injury.

A review of the decisions of the Courts, which have passed upon a policy provision, such as was contained in the policy here involved, and under comparable facts, reveals a difference of opinion as to the proper meaning and coverage of the insurance contract.

In the case of *Maness v. Life & Casualty Ins. Co. of Tennessee,* 161 Tenn. 41, 28 S. W. (2d) 339, a recovery for injury to an insured when struck by a rock or some other hard substance thrown by the wheels of a passing automobile, was allowed. A like conclusion was reached in the case of *Gilbert v. Life & Casualty Ins. Co. of Tenn.,* 185 Ark. 256, 46 S. W. (2d) 807, where the policy insured against accident resulting from being struck by a vehicle propelled by gasoline, while the insured was helping pull stumps and was killed from the lash of a cable attached to a tractor when the cable slipped from a stump.

In the case of *Gant v. Provident Life & Accident Ins. Co.,* 197 N. C. 122, 147 S. E. 740, 741, the facts were practically identical as those alleged in the complaint in this case. The Supreme Court of North Carolina denied coverage under a policy providing for indemnity for injuries sustained by being struck by a moving automobile. The evidence, in the cited case, showed that the plaintiff was struck by a plank which was thrown against her leg by the revolving wheel of an automobile, thereby causing her serious bodily injury. At the time the plaintiff was struck by the plank, she was standing in the yard of her home, a distance of twelve or fifteen feet in the rear of the automobile. No part of the automobile struck or came in contact with her person. From a judgment in favor of the plaintiff, the insurance company appealed to the Supreme Court of North Carolina. The sole question for determination was whether the bodily injury to the plaintiff was the result of being struck by a moving

automobile. The Supreme Court of North Carolina reversed the decision of the lower Court, saying:

"There was no evidence at the trial tending to show that plaintiff in fact was struck by a moving automobile, and thereby injured; all the evidence tended to show that she was struck by a plank. Can the language of the policy be so construed by the court that it may be held, upon all the evidence, as a matter of law, that plaintiff was struck by a moving automobile, because the evidence shows that she was struck by a plank which was thrown against her by the revolving wheel of an automobile?

"If the language of the policy is uncertain or ambiguous, and is susceptible to more than one construction, the court will adopt and apply that construction which is most favorable to the insured. If, however, there is no uncertainty or ambiguity in the language of the policy, there is no occasion for judicial construction; the rights and liabilities of the parties must be determined in accordance with the plain, ordinary, and popular sense of the language which they have used in their contract. *Penn v. Insurance Co.,* 158 N. C. 29, 73 S. E. 99, 42 L. R. A. (N. S.) 593.

"In the instant case, the liability of the defendant under the policy which plaintiff accepted is expressly limited by language which is free from uncertainty or ambiguity. This language, therefore, cannot be so construed as to enlarge defendant's liability, in order that plaintiff may recover upon the facts shown by the evidence. As there was no evidence from which the jury could find that plaintiff was injured by 'being struck by a moving automobile,' we must hold that there was error in the refusal of the court to allow defendant's motion, at the close of the evidence, that the action be dismissed as upon nonsuit."

In the case of *Harley v. Life & Casualty Ins. Co. of Tennessee,* 40 Ga. App. 171, 149 S. E. 76, it appears that the plaintiff, while walking along a sidewalk in the City of Atlanta, was struck in the eye by a flying nut that became detached from and was thrown by a passing automobile, re-

sulting in the loss of the sight thereof. The Georgia Court, in affirming a nonsuit granted by the lower Court, said:

"The provision of the policy of insurance applicable to this case is as follows: 'If the insured be struck, or knocked down, or run over * * * by a vehicle propelled by steam, * * * gasoline,' etc. The insured was protected by his policy if struck, knocked down, or run over by an automobile. A nut, flying off of an automobile, is not an automobile or a substantial portion thereof. See, in this connection, *Great Eastern Casualty Co. v. Blackwelder,* 21 Ga. App. 586, 94 S. E. 843."

In Appleman on Insurance Law and Practice, Vol. I, section 572, at page 701, it is said:

"One case, following the reasoning of such decisions as we have examined, held that where a stone was thrown by a passing car and struck the insured he was 'struck by an automobile' within the meaning of the contract. The majority of cases are to the contrary and have denied recovery where the insured was struck by a plank thrown by a passing car, by a nut flying off automobile, and even where the insured was struck by wire around the ends of pipes projecting from the back of a truck."

In the case of *Johnston v. Maryland Casualty Co.,* 22 Wash. (2d) 305, 155 P. (2d) 806, 808, it was held that a truck operator, who was still in the truck after collision with a passenger automobile, and never had any personal contact with the automobile, was not "struck by an automobile" within the meaning of an automobile accident policy insuring against injury by being struck by an automobile. See also the case of *Eynon v. Continental Life Ins. Co. of Missouri,* 252 Mich. 279, 233 N. W. 228, and 29A Am. Jur., section 1242, page 382.

The respondent was not "struck by an automobile" within the meaning of the policy here involved. There is no uncertainty or ambiguity in the language of the policy. The language is too plain to call for judicial construction. The

case of *Gant v. Provident Life & Accident Ins. Co., supra,* holds that the rights and liabilities of the parties must be determined in accordance with the plain, ordinary and popular sense of the language which they have used in the policy contract. The holding in this case is sound and should here be applied.

The order of the trial Judge overruling the demurrer should be reversed and the case remanded to the lower Court for the purpose of sustaining the demurrer and dismissing the action.

Reversed.

TAYLOR, C. J., and LEGGE and OXNER, JJ., concur.

LEWIS, J., dissents.

LEWIS, Justice (dissenting).

I respectfully dissent.

This is an action to recover benefits under a policy of insurance issued by the appellant to respondent, which provides for the payment of medical expenses for injury resulting from being *struck by an automobile.* The complaint alleges that on April 18, 1959 the respondent stopped along the highway to watch an automobile wrecker get out of a gully near the road, and while so doing the rear wheels of the wrecker spun a piece of timber which had been placed under the wheels for traction, against the respondent's leg and broke it, resulting in medical expenses in the amount of $750.00, for which amount judgment is sought. It is also alleged that the proximate cause of the injury was the automobile wrecker.

The defendant interposed a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action in that the allegations of the complaint affirmatively show that the injuries received by the respondent were due to his being struck by a piece of timber, and not by an automobile. This appeal is from an order overruling the demurrer and presents only one question for decision:

Was the injury received by respondent from the piece of timber thrown against his leg by the spinning wheels of the wrecker the result of his being struck by an automobile?

The policy of insurance is not before us but the pleadings show that it contains a limitation of coverage to injuries received when *struck by an automobile*. While similar provisions of insurance policies have been passed upon in other jurisdictions, we have found no case in point in this State. A discussion and analysis of the decisions from other jurisdictions may be found in the following citations: 29A Am. Jur. Section 1242, page 382; Annos: 138 A. L. R. 411 and 12 A. L. R. (2d) 598. A review of the decisions of the courts which have passed upon similar policy provisions under identical or comparable facts reveals a difference of opinion as to the proper meaning and coverage of the contracts. No attempt will be made here to review all of the decisions, but the following represent the views generally taken by the courts which have passed upon the question.

The State of North Carolina has under identical facts as here denied coverage under a policy providing for indemnity for injuries sustained when struck by a moving vehicle. *Gant v. Provident Life and Accident Insurance Co.,* 197 N. C. 122, 147 S. E. 740. The same result was reached by the Georgia Court in *Harley v. Casualty Insurance Company of Tennessee,* 40 Ga. App. 171, 149 S. E. 76, in denying liability for injuries sustained when a nut on a wheel of an automobile became detached and struck the insured, under a policy protecting him if struck, knocked down or run over by an automobile. Recovery was denied in both cases apparently upon the ground that there was no physical contact with the vehicle, and the policies were interpreted to so require under their plain and unambiguous terms.

On the other hand, the Tennessee Court allowed recovery for injury to the insured when struck by a rock or some other hard substance thrown by the wheels of a passing automobile, under a policy provision indemnifying if the in-

sured shall be struck by a vehicle which is being propelled by gasoline, etc. *Maness v. Life and Casualty Insurance Company of Tennessee,* 161 Tenn. 41, 28 S. W. (2d) 339. The Arkansas Court reached a like conclusion in *Gilbert v. Life and Casualty Co. of Tenn.,* 185 Ark. 256, 46 S. W. (2d) 807. There the policy insured against accident resulting from being struck by a vehicle propelled by gasoline. The insured was helping pull stumps and was killed from the lash of a cable attached to a tractor when the cable slipped from a stump. Recovery was allowed in the last mentioned cases apparently on the ground that the policy provisions were ambiguous and under a liberal construction were broad enough to cover injuries sustained when struck through the means or instrumentality of an automobile.

The appellant contends that the phrase "struck by an automobile" in the present policy is clear and unambiguous and means to come in physical contact with the vehicle. While the respondent, whose position was sustained in the lower Court, interprets it to mean an injury of which the operation of the automobile is the efficient and proximate cause.

In construing the meaning of the policy provision in question, certain well settled principles of law relative to construction of insurance contracts must be kept in mind. These are clearly set forth in the case of *Walker v. Commercial Casualty Ins. Co.,* 191 S. C. 187, 4 S. E. (2d) 248, 249, as follows:

"The parties have the right to make their own contracts and when such contracts are capable of clear interpretation the court's duty is confined to the enforcement thereof; it cannot exercise its discretion as to the wisdom of such contract or substitute its own for that which was agreed upon. *Brown v. Mutual Life Insurance Co. of New York,* 186 S. C. 245, 195 S. E. 552, 555.

"Where the language of such a contract may be understood in more senses than one, or where it is doubtful whether given words were used in an enlarged or a re-

stricted sense, other things being equal, that construction should be adopted which is most beneficial to the insured. *Prosser v. Carolina Mutual Benefit Corp.*, 179 S. C. 138, 183 S. E. 710, 712.

"Printed insurance contracts prepared by experts in any respect ambiguous or capable of two meanings must be construed in favor of the assured. *Jennings v. Clover Leaf Life & Casualty Co.*, 146 S. C. 41, 143 S. E. 668, 670.

"In the construction of insurance contracts, * * * in cases of doubt, uncertainty, manifest ambiguity, or susceptibility of two equally reasonable interpretations, since the language used is the selection and arrangement of the insurer, such contracts must be liberally construed in favor of the insured. *Parker v. Jefferson Standard Life Ins. Co.*, 158 S. C. 394, 155 S. E. 617, 618."

The provision under discussion is not so unambiguous and unequivocal as to justify the strict construction sought to be placed upon it by the appellant. It is without qualification as to the manner, method or means of being struck by an automobile. We are not only construing the meaning of the word "automobile", but a phrase of the policy of which it is a part. One of the key words in ascertaining the meaning of the phrase is the word "by", for coverage is afforded for injuries resulting from being struck *by* an automobile. While the word "by" has various meanings depending upon the intention and purpose of its use, "the word is commonly used as indicating or having reference to agency or instrumentality, authority or cause", and may mean "through the means, act, or instrumentality of." 12 C. J. S. By, pp. 865, 866 and 867; Black's Law Dictionary, page 262. Mr. Webster, among other definitions, gives the meaning as: "through", "through the medium of", "through the means of", "in consequence of".

The foregoing are common meanings of the word "by" as used in the ordinary affairs of life. When it is given the foregoing meaning, the policy provision would cover in-

juries resulting from being struck "through the means, act or instrumentality of" an automobile. The provision of the policy in question is therefore reasonably susceptible of other meanings than the strict interpretation sought by appellant, and may be reasonably interpreted to include coverage for the injuries sustained by the respondent.

Illustrative of the application of the rule of liberal construction by this Court in the interpretation of insurance contracts is the case of *Reynolds v. Life and Casualty Ins. Co.*, 166 S. C. 214, 164 S. E. 602, where a policy provision covering loss while riding in an automobile was construed to include riding on the running board of the vehicle.

To restrict the coverage of the policy to only those injuries sustained when the insured came in physical contact with the automobile would limit its provisions beyond that required by the language used. The fact that the automobile struck him with a piece of timber instead of with some part of the automobile is immaterial. He was none the less struck, and the agency by which he was struck was an automobile, against blows from which his policy provided indemnity. *Maness v. Life and Casualty Insurance Co., supra; Gilbert v. Life and Casualty Co. of Tenn., supra.* If the appellant had desired to restrict coverage to only those injuries sustained from physical contact with the automobile itself, it could have very easily done so, as was the case in *Brown v. Life and Casualty Ins. Co. of Tenn.*, 1933 La. App., 146 So. 332.

The lower Court properly overruled the demurrer interposed by appellant. I would affirm the judgment appealed from.