17918

H. J. LINDER, Respondent, v. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant

(125 S. E. (2d) 645)

*Messrs. Jefferies, McLeod, Unger & Fraser*, of Walterboro, *for Appellant.*

*Isadore Bogoslow, Esq.,* of Walterboro, *for Respondent,*

May 21, 1962.

BRAILSFORD, Justice.

This appeal involves the construction of an insurance contract, consisting of a fire insurance policy and certain attached forms. The claim is for damage by windstorm to trees on the insured's residential premises, located near Walterboro, South Carolina, and for the expense of removing debris resulting from such damage.

The insurer demurred to the complaint upon the ground that the policy did not cover damage to trees from windstorm. The demurrer was heard by the Hon. Keith M. Kinard, Judge of The Civil and Criminal Court of Colleton County, and was overruled by a formal order. This appeal by the insurer followed.

> The policy insured respondent's dwelling against all direct loss by fire or lightning, up to the policy limit of $50,000.00.

It is stated in the policy that it is "subject to Form No. M. P. C. 275," thereto attached. Under the terms of this form, the PERILS INSURED AGAINST become "all risks of physical loss to the property covered except as otherwise excluded."

Under PROPERTY AND INTERESTS COVERED, the dwelling and certain appurtenances and equipment are included, but trees, shrubs, plants or lawns are excluded, "except as provided elsewhere in this form." Limited coverage as to trees, etc., is provided under EXTENSIONS OF COVERAGE, as follows:

"1. *Trees, Shrubs, Plants and Lawns:* The named Insured may apply up to 5% of the limit of liability under Coverage A to cover trees, shrubs and plants * * * against loss by fire, lightning, smoke * * * (and other enumerated perils, not including windstorm, interpolated) * . * * but this Company shall not be liable for more than its proportion of $250.00 on any one tree, shrub or plant. Coverage A shall also apply to lawns but only against loss by perils named in this paragraph."

Thus trees are expressly excluded from the property covered under the comprehensive PERILS clause, which includes damage by windstorm. They are insured against specified perils, including fire but not including windstorm, under the EXTENSIONS clause, the pertinent part of which has been quoted.

Respondent contends, and the lower court apparently found, that the following language of the PERILS clause permits the substitution of the word "windstorm" for "fire" in the clause insuring trees against specified perils.

"In the application of the provisions of *the policy to which this form is attached,* whenever the word 'fire' appears, there shall be substituted therefor the peril involved or the loss caused thereby, as the case requires." (Italics added.)

The short answer to this contention is that the word "fire" for which respondent would substitute "windstorm", does

not appear in the policy to which the form is attached, but appears in a provision of the form itself. It is immaterial that the policy and attached forms, together, constitute the contract of insurance. The italicized words in the above quoted provision have a distinct and readily understood meaning, which comports with the manifest intention of the parties, as gathered from the entire contract.

Counsel for the insured has cited *Charles v. Canal Insurance Company,* 228 S. C. 600, 121 S. E. (2d) 200, and *Prosser v. Carolina Mutual Benefit Corporation,* 179 S. C. 138, 183 S. E. 710, to the sound point that an insurance policy is to be liberally construed in favor of the insured, and, where reasonably susceptible of a construction which will permit recovery, that construction will be adopted. However, this case calls for the application of the corollary rule. In the absence of ambiguity, a contract of insurance, like any other contract, must be interpreted according to the plain, ordinary meaning of the words used. *Gordon v. Fidelity & Casualty Company of New York,* 238 S. C. 438, 120 S. E. (2d) 509.

Damage to trees by windstorm is not covered by this insurance contract. The claim for the expense of removing debris falls with the primary claim. The demurrer should have been sustained.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.