## DiMartino *v.* State Farm Mutual Automobile Insurance Company, Appellant.

Argued March 21, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*George J. McConchie,* with him *Cramp and D'Iorio,* for appellant.

*Alexander A. DiSanti,* with him *Berman, Richard & Brian,* for appellee.

OPINION BY WOODSIDE, J., June 12, 1963:

The question here is whether the defendant insurance company agreed in its policy of insurance to pay the plaintiff's medical expenses incurred as the result of an injury suffered when a truck struck a wall which fell upon and injured the plaintiff.

The insurance company contracted to pay the plaintiff's reasonable expenses incurred for necessary medical expenses for bodily injury "caused by accident, while occupying or through being struck by the owned automobile, or any other land motor vehicle or trailer not operated on rails or crawler treads . . ."

It is stipulated that the "plaintiff was injured when a tractor trailer backed into a wall near which he was working, causing the wall to collapse upon him. He was not touched by the vehicle, and the accident did not occur on a public highway."

The insurance company contends that it is not liable because the plaintiff was not struck by the motor vehicle. The court below thought otherwise and entered judgment for the plaintiff. The defendant appealed.

The case presents a narrow and close question. We have found no Pennsylvania case which gives us any guidance. We have examined a number of cases from other jurisdictions. The majority of these construing policy provisions similar to the one before us hold an injured insured need not show actual physical contact between the vehicle and the injured.

The courts are not unanimous on this point. At least two cases support the appellant's position that the policy does not cover the injury here sustained. In *Metropolitan Casualty Ins. Co. of New York v. Curry*, 24 So. 2d 316, 317 (Fla. 1945), the Supreme Court of Florida said that the provision " 'being struck by an automobile which is in motion' as used in the policy, implied an actual striking, an actual physical contact

or collision between the moving automobile and the person of the insured." In that case the insured was thrown from a standing truck when it was struck by an automobile. A similar conclusion was reached in *Johnston v. Maryland Casualty Co.*, 155 P. 2d 806 (Wash. 1945). Both of these cases were decided by divided courts, three of the seven justices dissenting in the Florida case and the Chief Justice dissenting in the Washington case.

Both cases have been examined and rejected by courts of other jurisdictions deciding the more recent cases. Among the cases in which the insured was permitted to recover for injuries suffered without any contact between the vehicle and the person of the insured are the following: *Carson v. Nationwide Mutual Insurance Company*, 169 N. E. 2d 506 (Ohio 1960); *Labracio v. Northern Insurance Co. of N. Y.*, 168 A. 2d 682, 66 N. J. Superior Ct. 216 (1961); *Hale v. Allstate Insurance Company*, 345 S. W. 2d 346, 350 (Texas 1960); *American Casualty Co. of Reading, Pa. v. Cutshall*, 326 S. W. 2d 443 (Tenn. 1959); *Wright v. Beacon Mutual Indemnity Co.*, 179 N. E. 2d 547 (Ohio 1961).

There is a line of cases where the injury was suffered in a type of accident which the layman would not be likely to call an "automobile accident." In these cases the courts held that there was no liability under policies similar to the one before us. These cases involved injuries received by the insured when struck on the sidewalk by a nut from an automobile; *Harley v. Life & Casualty Ins. Co. of Tennessee*, 149 S.E. 76 (Ga. 1929); or by a wire from a truck; *Brown v. Life & Casualty Ins. Co. of Tennessee*, 146 So. 332 (La. 1933), or when standing back of a car and struck by a plank thrown from the spinning wheels; *Gant v. Provident Life & Accident Ins. Co. of Chattanooga, Tenn.*, 147 S.E. 740, 197 N. C. 122 (1929), or by the explosion of a tire while putting air in it; *Eynon v. Continental Life*

*Ins. Co. of Missouri,* 233 N.W. 228, 252 Mich. 279 (1930). The facts in these cases differ sufficiently from those in the case before us and in the cases cited in the above two paragraphs that we do not consider them important to our present determination. We might note, however, that even in this type of case the courts have conflicting ideas for in *Maness v. Life & Casualty Ins. Co.,* 28 S.W. 2d 339 (Tenn. 1930) an insured pedestrian struck by a stone thrown from the road by a passing vehicle was permitted to recover under a policy substantially similar to the one before us.

Some policies of insurance cover only injuries suffered when "struck by actually coming in contact with a vehicle itself, and not by coming in physical contact with some object struck and propelled against the person by said vehicle." See 12 A.L.R. 2d p. 600. These policies are more restrictive than the policy before us, and contain language, not included here, which is clearly designed to except from coverage injuries of the type here suffered by the plaintiff.

We think it is too strict an interpretation of the provision of the policy here being considered to make actual physical contact between the vehicle and the person of the injured a prerequisite to recovery.

Judgment affirmed.