18360

Mrs. Lucille M. ELROD, Respondent, v. PRUDENCE MUTUAL
CASUALTY COMPANY, Appellant

(142 S. E. (2d) 857)

*Francis R. Fant, Esq.,* of Anderson, *for Appellant,*

*Messrs. Watkins, Vandiver, Kirven & Long,* of Anderson, *for Respondent,*

June 14, 1965.

TAYLOR, Chief Justice:

This appeal arises out of an action to recover under the double indemnity provisions of two life insurance policies issued by Appellant to Respondent's intestate. Appellant paid and Respondent accepted all indemnity payable under

the policies with the exception of $6,250.00 claimed as double indemnity for loss of life. The matter was submitted under an agreed Stipulation of Facts to the Honorable Ernest B. Castles, Judge, County Court of Anderson County, without a jury, who, in his Order of January 4, 1965, found for Respondent in the amount claimed. This appeal followed.

The policies provided:

"Part IV.

"Any indemnity payable for loss of life benefits as provided for in Part III shall be doubled if such Loss of Life is sustained by the Insured while riding or driving in a private automobile of the pleasure car design, which is involved in an accident or if such Loss of Life is sustained by the Insured being struck by an automobile, truck, taxi cab or bus."

The facts as stipulated between the parties reveal that the two policies were in full force on March 26, 1963, when the insured, driving alone in his pickup truck, was involved in a collision with a passenger automobile. The automobile collided with the truck on its left side, lifted it off the surface of the street and hurled it against the gasoline tank and pillar of a filling station and thereafter striking another automobile standing unattended in the filling station lot. When the truck hit the filling station, the insured fell against the left window, breaking the glass; he then was thrown from the truck and struck his head on the pavement. At no time did the passenger automobile come in actual physical contact with the insured's person or clothing. The insured remained unconscious until his death on May 16, 1963.

The Appellant insurance company contends that it is not liable for the double indemnity payments because insured was not "struck by" the automobile.

The case of *Quinn v. State Farm Mutual Automobile Ins. Co.,* 238 S. C. 301, 120 S. E. (2d) 15, is cited by Appellant

in support of its position. In the *Quinn* case an action was brought to recover benefits under a policy of insurance which provided for payment of medical expenses for injury resulting from "being struck by an automobile." Quinn was watching an automobile wrecker attempt to get out of a gully. The driver thereof had placed a piece of timber under the rear wheel for traction. Upon spinning the wheels, the piece of timber was caused to be thrown against Quinn's leg, breaking it. It was there held that Quinn was not "struck by" an automobile within the meaning of the policy there involved.

The factual situation in the *Quinn* case is entirely different from the case now under consideration, and is not analogous thereto. The *Quinn* case more properly belongs to that line of cases wherein the "struck by" provisions were held not to apply to injuries received when struck on the sidewalk by a nut flying off an automobile, *Harley v. Life & Casualty Ins. Co. of Tennessee*, 40 Ga. App. 171, 149 S. E. 76, or by a plank thrown by the revolving wheels of an automobile, *Gant v. Provident Life & Accident Ins. Co.*, 197 N. C. 122, 147 S. E. 740; or by a wire tied to pipe carried on a truck, *Brown v. Life & Casualty Ins. Co. of Tenn.*, La. App., 146 So. 332; or by a tire exploding while putting air in it, *Eyon v. Continental Life Ins. Co. of Missouri*, 252 Mich. 279, 233 N. W. 228. These cases are not ordinarily thought of as automobile accident cases.

Appellant also cites the case of *Johnson v. Maryland Casualty Company*, 22 Wash. (2d) 305, 155 P. (2d) 806, in support of its position that the phrase "struck by an automobile" as used in an insurance policy requires physical contact. The reasoning in this case, decided in 1945, has generally been rejected by the more recent decisions from other states considering this question.

The following cases have held that similar "struck by" provisions in insurance policies do not require a physical touching between a vehicle involved in a wreck and the

person injured: *American Casualty Co. of Reading, Pennsylvania v. Cutshall* (1959), 205 Tenn. 234, 326 S. W. (2d) 443; *Carson v. Nationwide Mutual Ins. Co.* (1960), Ohio Com. Pl., 169 N. E. (2d) 506; *Hale v. Allstate Ins. Co.* (1960), 344 S. W. (2d) 430, 162 Tex. 65; *Wright v. Beacon Mutual Indemnity Co.* (1961), Ohio Com. Pl., 179 N. E. (2d) 547; *Labracio v. Northern Insurance Co.*, 66 N. J. Super. 216, 168 A. (2d) 682; *DiMartino v. State Farm Mutual Auto. Ins. Co.* (1963), 201 Pa. Super. 142, 192 A. (2d) 157.

We are of opinion that the latter cases are the better reasoned ones, that the narrow construction contended for by Appellant should be rejected and that Respondent's intestate was "struck by" the automobile which collided with his pickup truck within the contemplation of the policy provisions even though it did not actually come in contact with his body.

For the foregoing reasons, the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.