17693

Leon WARR, Respondent, v. CAROLINA POWER & LIGHT COMPANY and J. H. Ryan, Appellants

(115 S. E. (2d) 799)

122

*Messrs. Spruill & Harris* and *L. C. Wannamaker,* of Cheraw, and *A. Y. Arledge* and *Charles F. Rouse,* of Raleigh, *for Appellants,*

*Messrs. James P. Mozingo, III, Benny R. Greer* and *Archie L. Chandler,* of Darlington, and *Edward E. Saleeby,* of Hartsville, *for Respondent,*

August 4, 1960.

Moss, Justice.

This is a fraud and deceit action to recover actual and punitive damages, brought by Leon Warr, the vendor of certain real property, and the respondent herein, against Carolina Power and Light Company, as principal, and J. H. Ryan, as its agent, the appellants herein.

The complaint of the respondent alleges that he was the owner of a tract of land in Chesterfield County, South Carolina, containing 115½ acres, and that J. H. Ryan, an agent of Carolina Power and Light Company, approached the respondent prior to November 11, 1957 and represented to the respondent that one F. B. Creech desired to purchase the said tract of land, and that "the only use and only purpose of buying the land was for planting trees, and that he was only allowed to pay from Twenty-five Dollars to Sixty Dollars an acre; that said agent falsely assured Leon Warr that they were only paying Sixty Dollars an acre for good, cleared land to plant trees on, when in fact they had made purchases in excess of Forty-two Dollars an acre and had paid as much as Two Hundred Dollars an acre for property

adjoining or near the property described above." It is further alleged that the said agent knew that the representations made by him were false and were made with the intent of having the respondent rely thereon; it is then alleged that the respondent relied upon the false and fraudulent representations so made and did, on November 11, 1957, convey to F. B. Creech, for a consideration of $5,000.00, the said tract of land. It is further alleged that F. B. Creech was actually an agent for Carolina Power and Light Company, and that the said property was being purchased for the purpose of creating a lake in connection with the erection of a steam plant by Carolina Power and Light Company. It is also alleged that the consideration of $5,000.00 paid for said tract of land was between $18,000.00 and $28,000.00 less than the defendant company had paid prior to said time and has paid since for similar type land on a per acre basis. The respondent also alleges that he would not have executed and delivered the said deed if he had known that the property was to be used for a lake site rather than for a tree farm. He asserts that the appellents made false statements as to the intended use of said land, upon which he relied, and that by reason of the fraud and deceit practiced upon him, he has sustained injury and damage. The gravamen of the respondent's complaint is that he was deceived by the appellants' concealment of the truth and the false representation as to the intended use to be made of the tract of land. He alleges that the false statement was that the tract of land was to be used to create a tree farm and that he sold the land at a price which was "less than the defendant company has paid * * * for similar type land on a per acre basis."

The appellants made a motion to strike certain allegations of the complaint as being irrelevant and redundant. They also demurred to the complaint upon the grounds that the complaint does not state facts sufficient to constitute a cause of action, in that: (a) The representations alleged to have been falsely made to and relied on by the respondent are not

such as in law give rise to a cause of action for fraud and deceit; (b) That no statement of fact is alleged which wrongfully influenced the respondent to sell and convey his land; (c) That no statement of fact is alleged which would justify the respondent's reliance on statements allegedly made; and (d) No facts are alleged which show any damage suffered by the respondent as a result of any fraud and deceit practiced upon him.

The Honorable J. Woodrow Lewis, Resident Judge of the Fourth Circuit, denied the motion to strike and overruled the demurrer interposed by the appellants. The case is before this Court pursuant to timely notice of intention to appeal, and the exceptions raise the same questions as were before the Circuit Court. In view of the conclusion we hereinafter reach, it becomes unnecessary for us to determine whether there was error on the part of the lower Court in refusing to strike certain allegations of the complaint. The question for determination is whether there was error on the part of the trial Judge in overruling the demurrer.

We should point out that this is not an action for recission of the deed made by the respondent but is an action at law for damages sustained by reason of the fraud and deceit alleged to have been practiced upon him by the appellants. We have held that a defrauded party to a contract may tender back the consideration received by him and sue for a rescission of the contract, or retain the consideration and sue for damages. *Bank of Johnston v. Jones et al.,* 141 S. C. 98, 139 S. E. 190; *Turner v. Carey,* 227 S. C. 298, 87 S. E. (2d) 871. In this case the respondent has elected to affirm the deed, retain the consideration received for the sale of the land, and has brought this action at law for fraud and deceit against the vendee to recover damages alleged to have been sustained by reason of the fraud and deceit practiced upon him by the appellants.

When there is a demurrer to a complaint, we must be guided by the rule set forth in *Roper et al. v. South Carolina Tax Commission et al.,* 231 S. C. 587, 99 S. E. (2d) 377, 378, where we said:

"It is elementary that in passing upon a demurrer, the Court is limited to a consideration of the pleadings under attack, all of the factual allegations whereof that are properly pleaded are for the purpose of such consideration deemed admitted. *Spell v. Traxler,* 229 S. C. 466, 93 S. E. (2d) 601. If a complaint states any cause of action, a demurrer should not be sustained. *Fleming v. Pioneer Life Ins. Co.,* 178 S. C. 226, 182 S. E. 154. It has also been held that when a fact is pleaded, whatever inferences of law or conclusions of fact may properly arise from it, are to be regarded as embraced in such averment. *Bryant v. Smith,* 187 S. C. 453, 198 S. E. 20."

However, the filing of a demurrer by the appellants does not admit that they were guilty of fraud and deceit because this allegation constitutes nothing more than a conclusion of the pleader, which is *not* admitted by the demurrer. A demurrer admits the facts well pleaded in the complaint but does not admit the inferences drawn by the plaintiff from such facts, and it is for the Court to determine as to whether or not such inferences are justifiable. *Alderman v. Bivin,* 233 S. C. 545, 106 S. E. (2d) 385.

In this action for fraud and deceit, the respondent, in order to state a good cause of action, must allege (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury. *Jones v. Cooper,* 234 S. C. 477, 109 S. E. (2d) 5; *Mishoe v. General Motors Acceptance Corporation,* 234 S. C. 182, 107 S. E. (2d) 43; *Outlaw v. Calhoun Life Ins. Co.,* S. C. 113 S. E. (2d) 817. It is essential that the facts and circumstances which constitute the fraud should be set out clearly. *Bookhart et al. v. Central Electric Co-op., Inc.,* 222 S. C. 289, 72 S. E. (2d) 576. The complaint must allege facts which would afford a basis upon which a jury could properly find support for each of

the elements above set forth, and if the complaint fails to allege facts to support any one of the elements of fraud and deceit, then the complaint is fatally defective. *Jones v. Cooper, supra,* and *Able v. Equitable Life Assur. Society of United States,* 186 S. C. 381, 195 S. E. 652.

It is the position of the appellants that even though the alleged statement made by J. H. Ryan to the respondent was false, as to the intended use of the land being purchased, such was not material in inducing the respondent to sell and convey the land in question. It is also asserted that the complaint fails to allege any facts as to injury or damage sustained by the respondent as a result of the alleged false representation made by the appellants.

The allegations of the complaint do not show that any fiduciary relationship existed between the respondent and the appellants, or that the respondent expressly reposed any trust or confidence in Ryan, who was purchasing the land for his corporate principal. Our inquiry here is as to the materiality of the alleged false statement that the tract of land being sold was going to be used as a place for planting trees and as a tree farm, and the failure to disclose that the land was to be used as a lake site by the Carolina Power and Light Company.

It has been held that if either party to a transaction conceals some fact which is material, which is within his own knowledge, and which it is his duty to disclose, he is guilty of fraud. Nondisclosure becomes fraudulent only when it is the duty of the party having knowledge of the facts to uncover them to the other. In the case of *Holly Hill Lumber Co., Inc., v. McCoy,* 201 S. C. 427, 23 S. E. (2d) 372, 376, this Court said:

"And this brings up the question, when does such duty rest upon either party to any transaction? The duty to disclose may be reduced to three distinct classes: First, where it arises from a pre-existing definite fiduciary relation between the parties; second, where one party expressly re-

poses a trust and confidence in the other with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particuler case is necessarily implied. The third class includes those instances where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary, and necessarily calls for perfect good faith and full disclosure, without regard to any particular intention of the parties. Such, for instance, as a contract of insurance. Pom. Eq. Jur., Vol. 2, Sec. 902; Pom Eq. Rem., Vol. 2, Sec. 784.

"As instances of concealment appear most frequently in contracts of sale, it would be proper to apply the foregoing general doctrine to the vendee and the vendor. The conclusion is clearly established by the decisions that under ordinary circumstances, there being no previously existing fiduciary relation between the parties, and no confidence being expressly reposed by the vendor in the vendee with reference to the particuler transaction, no duty rests upon the vendee to disclose facts which he may happen to know advantageous to the vendor, facts concerning the thing to be sold which would enhance its value or tend to cause the vendor to demand a higher price, and the like; so that failure to disclose would not be a fraudulent concealment. The reason is evident. If it were otherwise, such a principle must extend to every case in which the buyer of an estate happened to have a clearer discernment of its real value than the seller. It is, therefore not only necessary that great advantage should be taken in such a contract, and that such advantage should arise from superiority of skill or information; but it is also necessary to show some obligation binding the party to make such a disclosure. Of course, each case must depend upon its own circumstances."

In 55 Am. Jur., Vendor and Purchaser, Section 95, at page 571, it is stated:

"A misstatement or misrepresentation made in the negotiations for the purchase of land as to the use which the

purchaser intends to make of the land or the purpose for which he wants it does not necessarily constitute fraud, especially where the use for a different purpose from that stated does not injuriously affect the vendor by reason of his ownership of other land in the vicinity. A false statement or representation relating to the purpose for which the purchaser is buying the land or to the use which he intends to make of it is of no consequence unless it appears that the statement or representation made was material, and that the vendor relied upon it and was induced to enter into the contract thereby.

"Some courts, following the minority rule that fraud may not be predicated upon an unfulfilled promise even though at the time it was made the promisor had no intention of performing it, hold that even though the vendee makes false statements regarding his intended use of the property, with intent to deceive the vendor, there is no basis for an action for deceit. Many courts, however, take the position that fraud entitling the vendor to rescind may be found from the facts that the purchaser induced the vendor to sell by falsely representing the use for which he desired the land, knowing that the sale would not be made if the vendor was aware of the purpose or use for which the purchaser wanted the land, particularily where such use of the land will injure the value of other land in the vicinity. To falsely represent that property is desired for private residence purposes when the purchaser intends to use it for business purposes or to convey it immediately to one intending to make such use of it, known to be objectionable to the vendor, is a ground for rescission. This has been held true where the purchaser in negotiating for land in a residential section falsely stated that he wanted it to build dwelling houses thereon, whereas he intended to use it for a public garage, which use would greatly depreciate the value of other land of the vendor." In this connection see the annotations in 51 A. L. R. at page 104, and 91 A. L. R. at page 1303."

It would seem clear, under the general principles before referred to, that in order to give rise to a cause of action for fraud and deceit the misrepresentation by the purchaser as to the purpose for which he is buying the land must have been a material one. In *Adams v. Gillig,* 199 N. Y. 314, 92 N. E. 670, 32 L. R. A., N. S., 127, 20 Ann. Cas. 910, where the purchaser, having falsely represented to the vendor that he intended to erect dwellings on the lot to be purchased by him, proceeded upon consummation of its purchase to build thereon a public garage, thereby greatly depreciating the value of the vendor's remaining property, the representation was held to have been fraudulent, entitling the vendor to rescind. And in *Williams v. Kerr,* 152 Pa. 560, 25 A. 618, rescission was permitted where the purchaser's agent had falsely represented to the vendor, as inducement to sale of part of his land, that the portion to be purchased would be used as the site of a foundry and machine shop to be immediately erected on it, which would greatly enhance the value of the vendor's remaining land. But in *Lucas v. Long,* 125 Md. 420, 94 A. 12, where the charge of fraud was based upon the purchaser's false representation that the land was to be used for a dairy farm, and on his concealment of the fact that improvements and developments were pending in that vicinity which would greatly enhance the value of the land, the misrepresentation was held not such as would prevent enforcement of the contract against the vendor, the ground of the decision being that the vendor had not relied upon it and that it was immaterial.

Obviously, whether a misrepresentation as to the intended use of the property will give rise either to a cause of action for rescission or to one for fraud and deceit must depend upon the materiality of the representation in the circumstances of the particular case; and, where the action is for fraud and deceit, the plaintiff must allege and prove, along with the other elements of such a cause of action, that he has suffered damage because of such misrepresentation.

It may be doubted that the complaint in the case at bar alleges facts sufficient to charge that the misrepresentation was a material one. It is alleged, to be sure, that the plaintiff would not have executed the deed had he known the real purpose for which the property was being bought. But, taken in context, that is saying no more than that he would have held out for more money if he had known that the land was wanted by Carolina Power & Light Company. In that view of it, the charge would be grounded on concealment rather than misrepresentation, and the action would fall because the agent, who stood in no fiduciary relation to the plaintiff, was under no duty to disclose to him the intended use.

But we need not decide here whether or not the facts alleged show the misrepresentation to have been a material one; for materiality of the misrepresentation is but one of several elements necessary to be established in order that an action for fraud and deceit may be maintained, and the complaint is wholly lacking in factual allegations of one of the other essentials of such a cause of action, to wit: that plaintiff suffered damage as the result of the alleged misrepresentation. It does not allege that the use of the land by the purchaser for a tree farm would have been of any benefit to the plaintiff, nor is it alleged that the failure to use the land for such purpose has damaged him. It is not alleged that the use of the land in connection with the construction and operation of a steam plant has been of any detriment to him; he does not allege that the sale of the land was for less than its full value. Stating it another way, there is an absence of allegations in the complaint of any benefit that the plaintiff would have derived from the intended use to be made of his land as represented, or of any detriment to him from the actual use made of it. There is no allegation that he sold the land at a reduced price because of the representation that it would be used for a tree farm. It is alleged that the consideration paid "was between $18,000.00 and $28,000-.00 less than the defendant company has paid prior to said

time and has paid since for similar type land on a per acre basis", but there is no allegation that the plaintiff received less than the full market value for his land. In fact, the complaint does not allege the value of the land, or that the value of plaintiff's remaining land would have been enhanced if the part sold had been used as a tree farm, or has been adversely affected by the use of the part sold as a lake site.

In order to be actionable, fraud and deceit must be accompanied by consequent and proximate injury and damage. If no injury and damage resulted from the fraud and deceit, such is not actionable.

In the case of *Williams v. Haverty Furniture Company*, 182 S. C. 100, 188 S. E. 512, 513, this Court said: "The doctrine announced in an early English case still holds true, that 'fraud without damage or damage without fraud is not actionable.' *Baily v. Merrell*, 3 Bulst., 94, 26 C. J., 1064." A vendor is not damaged by fraud in procuring the sale if the property is worth no more than he receives for it. 23 Am. Jur., Fraud and Deceit, Section 178 at page 997.

In an action for fraud and deceit in the transfer of property, the measure of damage is the difference between the actual and represented value. *Beasley v. Swinton*, 46 S. C. 426, 24 S. E. 313; *Godfrey v. E. P. Burton Lumber Company*, 88 S. C. 132, 70 S. E. 396. In *Culbreath v. Investors Syndicate et al.*, 203 S. C. 213, 26 S. E. (2d) 809, 147 A. L. R. 1144, it was held that the measure of damage with reference to stock is the difference between the value of the stock and the value it was represented to have, or the difference between the contract price and the actual value.

In the complaint in this action there is no allegation of fact as to injury or damage sustained by the respondent as the result of the fraud and deceit practiced by the appellants, other than the pleader's conclusion "that by reason of the fraud and deceit practiced upon Leon Warr by the defend-

ants, as aforesaid, plaintiff has been damaged * * *." There is an allegation that the respondent received $5,000.00 as the purchase price for his land, or approximately $43.00 per acre, but there is no allegation that he received less than the true and full market value thereof. He does allege that the consideration paid to him "was between Eighteen Thousand Dollars and Twenty-Eight Thousand Dollars less than the defendant Company has paid prior to said time and has paid since for similar type land on a per acre basis". There is no allegation that the land of the respondent was worth more than, or as much as, other land for which he alleges that the corporate appellant paid as much as $200.00 an acre. It was necessary for the complaint to contain an appropriate allegation as to the actual value of the land as contended for by the respondent. Since the complaint contained no appropriate allegation alleging what damage was suffered by the respondent as a result of the alleged fraud and deceit of the appellants, it was fatally defective.

We think the Circuit Judge was in error in failing to sustain the demurrer of the appellants on the ground that the complaint failed to allege or show any damage suffered by the respondent as a result of any fraud and deceit practiced upon him.

Reversed.

STUKES, C. J. and TAYLOR, OXNER and LEGGE, JJ., concur.