### 18845

Felix L. FINLEY, Jr., Appellant, v. Roy S. DALTON, South Carolina Land and Timber Corp., and Duke Power Company, Respondents

(164 S. E. (2d) 763)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. W. G. Acker,* of Pickens, *Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, and *Carl Horn, Jr.,* and *Steve C. Griffith, Jr.,* of Charlotte, North Carolina, *for Respondents,*

.December 3, 1968.

LEWIS, Justice.

Plaintiff brought this action in equity to rescind a deed to real estate because of alleged fraudulent misrepresentations or concealment on the part of the buyer relative to his intended use of the property. The matter is here on appeal by plaintiff from an order of the lower court sustaining a demurrer to the complaint for failure to state a cause of action.

The sole issue raised by the demurrer and to be decided in this appeal is whether the complaint states a cause of action for recission of the deed in question.

The factual allegations of the complaint, which are deemed true for the purposes of demurrer, are to the effect that prior to February 10, 1964, unknown to plaintiff, the defendant Duke Power Company formulated a plan to acquire a large area of land in Pickens and Oconee Counties, South Carolina, for the purpose of constructing a large hydro electric power project; that on or about February 8, 1964 the defendant, Roy S. Dalton, who was then an undisclosed real estate acquisition agent for the defendant Duke Power Company, went to plaintiff's office and repre-

sented that he, Dalton, was interested in acquiring a 138 acre tract of land in Pickens County, to which plaintiff held equitable title, and wished to complete the purchase promptly. Plaintiff thereupon inquired of Dalton "why he wished to purchase this property and why he wished to conclude the transaction so rapidly." In response to this inquiry, instead of truthfully disclosing his purchase of the property for defendant Duke Power Company at a large profit for himself, Dalton falsely "represented to plaintiff that he had just come into a large sum of money which he wished to reinvest promptly in a long range timber investment for his children and that he wished to purchase plaintiff's land for that purpose since he already owned an adjoining tract." It is then alleged "that such tract of land had a value for hydro electric purposes, and other purposes for which the corporate defendants were acquiring property, of approximately Two Hundred and No/100 ($200.00) Dollars an acre and that, if it had not been for the false and fraudulent representations of the defendant, Dalton, the plaintiff could have disposed of such property to the corporate defendants for a price of not less than Twenty-seven Thousand and No/100 ($27,000.00) Dollars."

Following the foregoing negotiations, plaintiff sold the 138 acre tract of land to defendant Dalton on February 10, 1964, for the sum of $4,100.00 and transferred to him a fee simple title to the property. On March 31, 1965, about thirteen months later, plaintiff attempted to rescind the deed and tendered to Dalton the purchase price paid, with interest to the date of tender. Dalton refused to agree to a rescission of the deed and, on July 15, 1967, approximately three and one-half years after the sale, this action was brought by plaintiff seeking to have the deed rescinded upon the ground that Dalton had misrepresented to plaintiff at the time of sale the purpose for which he was buying the land.

We agree with the trial judge that the complaint fails to allege facts sufficient to show that the alleged misrepresentation or concealment was a material one

and that plaintiff was induced to sell because thereof. Such showing is necessary to maintain an action for rescission. As stated in *Warr v. Carolina Power and Light company,* 237 S. C. 121, 115 S. E. (2d) 799, "whether a misrepresentation as to the intended use of the property will give rise either to a casue of action for rescission or to one for fraud and deceit must depend upon the materiality of the representation in the circumstances of the particular case."

The general rule governing the necessity of disclosure by a vendee of facts relative to the intended use of property being purchased by him was thus stated in *Warr v. Carolina Power and Light Co., supra,* quoting from the previous case of *Holly Hill Lumber Co., Inc. v. McCoy,* 201 S. C. 427, 23 S. E. (2d) 372, and 55 Am. Jur., Vendor and Purchaser, Section 95, at page 571, as follows:

"The conclusion is clearly established by the decisions that under ordinary circumstances, there being no previously existing fiduciary relation between the parties, and no confidence being expressly reposed by the vendor in the vendee with reference to the particular transaction, no duty rests upon the vendee to disclose facts which he may happen to know advantageous to the vendor, facts concerning the thing to be sold which would enhance its value or tend to cause the vendor to demand a higher price, and the like; so that failure to disclose would not be a fradulent concealment. The reason is evident. If it were otherwise, such a principle must extend to every case in which the buyer of an estate happened to have a clearer discernment of its real value than the seller. It is, therefore not only necessary that great advantage should be taken in such a contract, and that such advantage should arise from superiority of skill or information; but it is also necessary to show some obligation binding the party to make such a disclosure. Of course, each case must depend upon its own circumstances." *Holly Hill Lumber Company, Inc. v. McCoy, supra.*

"A misstatement or misrepresentation made in the negotiations for the purchase of land as to the use which the

purchaser intends to make of the land or the purpose for which he wants it does not necessarily constitute fraud, especially where the use for a different purpose from that stated does not injuriously affect the vendor by reason of his ownership of other land in the vicinity. A false statement or representation relating to the purpose for which the purchaser is buying the land or to the use which he intends to make of it is of no consequence unless it appears that the statement or representation made was material, and that the vendor relied upon it and was induced to enter into the contract thereby." 55 Am. Jur., Vendor and Purchaser, Section 95, supra.

The representation allegedly made in response to plaintiff's inquiry as to why Dalton wished to buy the property, while it was, under the pleadings, false, was not a representation as to the value of the land and in no way operated as an inducement to plaintiff to sell. It is conceded that no fiduciary relationship existed between the parties. Nothing appears which would indicate that plaintiff in any way relied upon the statement of Dalton, nor is there any indication that plaintiff intended the inquiry as a solicitation of information upon which to base the sale. Presumably plaintiff was familiar with the land and there is no allegation that it did not bring its fair market value at the time of the sale. The alleged misrepresen'ation simply amounted to a failure to disclose the fact that the land was being acquired for Duke Power Company for its planned hydro electric project. While plaintiff alleges that the value of the land for hydro electric purposes was in excess of that received by him, this allegation, when construed wi'h other parts of the complaint, is nothing more than a statement that he would have demanded more money if Dalton had revealed the purpose for which the property was being purchased.

In *Warr v. Carolina Power and Light Company, supra,* an undisclosed agent of the power company falsely made an unsolicited representation to the plaintiff that one Creech

desired to purchase land for a tree farm and that he was paying only $60.00 per acre for good cleared land on which to plant trees, when in fact the land was being bought for the power company to be used in connection with its unannounced hydro electric project. Plaintiff sold the land and subsequently brought an action at law for damages based on fraud and deceit. A demurrer to the complaint was sustained. While the court based its decision on the absence of allegations showing damage, the following comments were made as to the materiality of the misrepresentation, which are applicable here:

"It may be doubted that the complaint in the case at bar alleges facts sufficient to charge that the misrepresentation was a material one. It is alleged, to be sure, that the plaintiff would not have executed the deed had he known the real purpose for which the property was being bought. But, taken in context, that is saying no more than that he would have held out for more money if he had known that the land was wanted by Carolina Power & Light Company. In that view of it, the charge would be grounded on concealment rather than misrepresentation, and the action would fall because the agent, who stood in no fiduciary relation to the plaintiff, was under no duty to disclose to him the intended use."

Plaintiff contends however that he made inquiry of defendant Dalton as to the purpose of his buying the property and that, when the inquiry was made, a duty arose on the part of Dalton to either remain silent or else give a full and truthful answer, relying upon the following statement from *Holly Hill Lumber Co. v. McCoy, supra:*

"While the rules of equity which we have hereinabove stated, as they relate to fraud and concealment on the part of a vendee, are generally recognized and accepted by the Courts, it is agreed that an informed vendee must limit himself to silence in order to escape the imputation of fraud. If in addition to the party's silence there is any statement, even in word or act on his part, which tends affirmatively to a

suppression of the truth, or to a withdrawal or distraction of the other party's attention or observation from the real facts, the line is overstepped, and the concealment becomes fraudulent."

While the foregoing is a sound principle, it applies only to material representations and is inapplicable to the present factual situation. Here, as previously pointed out, the complaint fails to allege facts sufficient to show that the alleged misrepresentation or concealment was material and that plaintiff was thereby induced to sell.

Affirmed.

Moss, C. J., Bussey and Littlejohn, JJ., and Clarence E. Singletary, Acting Associate Justice, concur.