EMMA KLOTZ, EXECUTRIX OF THE ESTATE OF CHARLES
H. KLOTZ, SR., DECEASED, PLAINTIFF-RESPONDENT,
v. SELECTED RISKS INSURANCE COMPANY, DEFEND-
ANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 27, 1969—Decided February 28, 1969.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. Michael Patrick King* argued the cause for defendant-appellant (*Messrs. Kisselman, Devine, Deighan & Montano,* attorneys; *Mr. Carl Kisselman,* of counsel).

*Mr. Frank W. Thatcher* argued the cause for plaintiff-respondent (*Mr. Joseph R. Moss,* attorney).

The opinion of the court was delivered by

Leonard, J. A. D.   Defendant, with leave first granted, appeals from a denial of its motion for summary judgment.

On September 22, 1966 defendant issued an "automobile personal accident policy" of insurance to plaintiff's decedent, Charles H. Klotz. The premium was $10 per year and the principal sum payable in the event of death was $7,500. The pertinent portions of the policy follow:

" 'INJURY' whenever used in this policy means Bodily injury caused by an accident occurring while this policy is in force as to the Covered Person whose injury is the basis of claim and resulting directly and independently of all other causes as follows:

A. While driving or riding in a private passenger automobile; or
B. While riding as a passenger in a public passenger automobile; or
*       *       *       *       *       *       *       *
D. By being struck or run down by an automobile."
*       *       *       *       *       *       *       *

"EXCLUSIONS"

"This insurance shall not apply to any loss caused or contributed to by * * * (8) driving or operating an automobile for compensation or hire, (9) operating, driving, riding in any vehicle except a four-wheel automobile of the private passenger type."

On May 18, 1967, while the policy was in full force and effect, plaintiff's decedent in the course of his employment was operating a Ford truck owned by his employer. He was involved in a collision with a tractor trailer that struck his vehicle in attempting to pass it. By reason thereof decedent's truck left the highway and plunged into a creek in an overturned position. Decedent drowned.

Plaintiff, decedent's executrix, instituted suit for total benefits due under the policy, i. e., $7,500. Each party moved for summary judgment. The trial court, in denying both motions, found that (1) decedent was admittedly not driving or riding in a private passenger automobile of the pleasure-car type and was therefore, not entitled to insurance coverage under the provisions of clause A of the policy, (2) the word "automobile" in clause D is used generically and includes the truck which collided with decedent's; (3) since the policy does not define what is meant in clause D by "being

struck or run down," and since it does not explicitly delimit the coverage to pedestrians, this clause should not be so construed; (4) clause D covers a situation where the insured, while sitting or riding in a truck, is struck or run down by a negligently operated or runaway vehicle through no fault of his own, and (5) the exclusionary clause excludes only losses "caused or contributed to" by the insured, even though at the time of the accident he is operating, driving or riding in a vehicle not of the passenger type. Based upon these findings the trial court concluded that an issue of material fact existed, *i. e.*, "whether decedent caused or contributed to the collision."

Defendant first contends that viewing the policy as a whole, decedent does not fall within any coverage provision thereof since he was driving his employer's truck at the time of the accident. Specifically, it urges that decedent was not covered by clause D of the policy. Defendant further argues that even if it be determined that he was so covered by clause D, the exclusionary clause of the policy bars recovery.

On the other hand, plaintiff asserts that a policy of insurance which purports to be an "automobile accident policy" should be held to provide coverage for any loss resulting from a truck accident. Plaintiff bottoms this contention upon the fact that there is imprinted in red ink across the first page of the policy the statement, "This Policy Is Limited to Automobile Accidents. Read It Carefully." Thus, he argues that a layman, not versed in legal terms, were he to read the whole policy, would reasonably expect that coverage would be afforded in all instances where he was injured in an automobile accident, whether between two trucks or otherwise. Plaintiff further contends that in the instant case clause D extends coverage to decedent and that this coverage is not barred by the exclusionary provisions of the policy.

██ Viewing the policy as a whole, we conclude that plaintiff is not entitled to recover and that accordingly the

trial court erred in not entering summary judgment for defendant. A reading of the coverage provisions and the exclusionary clause, taken as a whole and in context, clearly indicates that the policy covers only accidental injuries to an individual that occur while he is driving or riding as a passenger in a "private passenger automobile of the pleasure car type," or while riding as a passenger in a "public passenger automobile," and that it does not cover injuries that occur while he is operating a truck or other commercial vehicle. The legend, "This Policy Is Limited To Automobile Accidents. Read It Carefully," which is printed across the first page of the policy, cannot be read to subvert what we find was clearly communicated to an average reader in the body of the policy. We so hold with full regard for the settled principle that a policy should be read to afford coverage to the full extent that any fair interpretation will allow.

We turn to consideration of the contentions concerning the specific provisions of the policy. The trial court determined that since decedent admittedly was not driving or riding in a passenger automobile of the pleasure-car type, he was not covered under clause A of the policy. Plaintiff on this appeal does not challenge this determination, and we are in agreement therewith.

Plaintiff contends that the trial court correctly concluded that clause D does not restrict coverage solely to a situation where the assured is "struck or run down" as a pedestrian. Relying on *LaBracio v. Northern Ins. Co. of New York*, 66 *N. J. Super.* 216 (*Law Div.* 1961); *Elrod v. Prudence Mutual Casualty Company*, 246 *S. C.* 129, 142 *S. E. 2d* 857 (*Sup. Ct.* 1965), and *DiMartino v. State Farm Mutual Auto Ins. Co.*, 201 *Pa. Super.* 142, 192 *A. 2d* 157 (*Super. Ct.* 1963), he argues that it is not necessary for coverage under this clause that there be direct contact between the assured's body and the other vehicle, it being sufficient if the other vehicle strikes a vehicle in which the assured is driving or sitting. However, the issue here involved is not

whether the words "struck or run down by an automobile" generally require direct physical contact between the body of the assured and an automobile. Rather, the problem here is whether, in the light of clauses A and B, decedent is covered under clause D in the instant circumstances. We hold that he is not.

In the first place, to adopt plaintiff's contention would be practically to eliminate the need for clauses A and B, since D would cover almost every situation.

Moreover, the following considerations are pertinent in arriving at the intent of the policy. Clause D would assuredly cover a pedestrian struck by an automobile. Assuming, *arguendo,* it is not limited to pedestrians but may apply to occupants of vehicles, it must be construed with the aid of clauses A and B and exclusions (8) and (9). So aided we conclude that clause D does not cover an employee of the owner of a truck injured while driving the truck.

Clauses (8) and (9) of the "Exclusions" affirmatively preclude recovery. At the time of the accident decedent was operating his employer's truck in the course of his employment. Thus, he was driving or operating the same "for compensation or hire." Further, he was operating a truck, obviously not "a four-wheel automobile of the private passenger type."

We do not agree with the trial court's apparent determination that in order for exclusions (8) and (9) to become effective it must be first established that the accident was "caused or contributed to" by the fault or negligence of the assured. The exclusions in the policy do not speak in terms of negligent causation or contribution by the assured. They merely describe conditions or status under which the loss is contemplated to be excluded. Under (8), driving any vehicle generically constituting an automobile for compensation or hire is excluded. Under (9), occupancy of any kind, even riding in a truck, is also excluded. We therefore conclude that the mere fact that decedent was driving a truck for compensation bars recovery under both

exclusions (8) and (9). Consequently, no disputed issue of a material fact existed and the trial court erred in refusing to enter summary judgment for defendant.

Reversed and remanded to the trial court for the entry of a judgment in favor of defendant.