18912

Edna H. SIMPSON, Respondent, v. COMBINED INSURANCE
COMPANY OF AMERICA, Appellant

(167 S. E. (2d) 433)

*Messrs. Watkins, Vandiver; Kirven, Long & Gable,* of
Anderson, *for Appellant,*

*M. A. McAlister, Esq.* of Anderson, *for Respondent,*

May 1, 1969.

BUSSEY, Justice.

This is an action wherein plaintiff-respondent as named beneficiary, sought to recover the sum of $4,000.00 upon an accident insurance policy issued by the defendant- appellant to her husband, Grady W. Simpson, who was accidentally killed in June 1967. Appeal is from an order of the lower court granting plaintiff's motion for judgment on the pleadings.

The record does not disclose precisely how the insured came to his death. Such, however, apparently occurred as a result of contact with a hay-baler in a field. The parties seem to concede that the accident did not occur upon a public highway. The complaint alleged that such occurred "while operating a moving vehicle, haybailer, * * *." The answer of the defendant denied that the death of the insured was caused by any of the perils covered by its policy, and alleged that the insured "died when he was pulled into a hay-bailer while attempting to unstop said machine." It is apparently, though not expressly, conceded that the hay-bailer was not moving upon the ground or surface, at the time, as opposed to its mechanism being in motion. A copy of the policy was attached to and made a part of the complaint.

The trial judge concluded that the pleadings presented no issue of fact, construed the policy as affording coverage in the amount sued for, $4,000.00, and granted judgment accordingly. The trial court reached a construction of the policy with which we do not agree. Under the rather skimpy facts, alleged in the complaint, any coverage provided was by a provision in Section B of the policy, which reads as follows:

"By being struck or knocked down or run over, on a public highway, by any moving vehicle;"

The plaintiff contends that the foregoing language is rendered ambiguous by the words "on a public highway" being set off by comas and that the language was further rendered ambiguous by other provisions of the policy.

There is set forth in bold type, both on the back of the policy and at the top of the first page thereof, the following language:

"This Policy Provides Indemnity for Loss of Life, Limb, Limbs, Sight or Time Caused by Accidental Bodily Injuries, *only to the extent herein limited and provided,* and is Cancellable at the Option of the Insured and Renewable at the Option of the Company." (Emphasis added.)

The first paragraph of the policy reads as follows:

"In consideration of the payment of the Semi-Annual Premium of Six Dollars, and *subject to the provisions, definitions, reductions and limitations contained herein,* the Company does hereby insure the owner of this policy (herein called the Insured and whose name appears on the back of this policy) against loss resulting directly and independently of all other causes from accidential bodily injuries received while this policy is in force and which loss or injuries are in no way caused or contributed to by disease (hereafter referred to as 'Such Injuries'), for which the Company will pay only as follows:" (Emphasis added.)

Following the quoted paragraph there are set forth on the front page of the policy Sections A, B, C, and D, each sec-

tion being separately designated and captioned in bold type. The most noticeable language appearing on either the back or the front page of the policy is the following language:

"This is a limited policy please read it carefully."

The quoted language is superimposed over the other printing in large capital letters of outline type. Section A provides insurance against a number of perils, none of which are applicable to the instant factual situation. Said section also contains a schedule of indemnities not only for loss of life, but for the loss of various members of the body, or combinations thereof, resulting from the perils insured against in Section A, the indemnity for loss of life being under that section the sum of $4,000.00.

Section B provides indemnity only for accidental death, and only if caused by certain stated additional perils, not insured against under Section A, the first of which is hereinabove quoted, and relied upon in this action. Section B clearly sets forth that the indemnity for accidental death, as a result of the perils therein mentioned, shall be the sum of $1,000.00, such sum being set forth very succinctly and clearly in the same type as the amounts of the indemnities provided in the preceding Section A.

Sections C and D provide certain additional contingent benefits, but in the instant case we are not concerned therewith.

We shall not attempt to deal with all the ingenious arguments of counsel for the plaintiff in an endeavor to show that other provisions of the policy rendered the content of Section B ambiguous. Suffice it to say we think such are without merit, and that we find nothing in the other provisions of the policy which would render the provisions of Section B ambiguous or which would tend to mislead the insured.

The instant policy is not one which on its face purportedly gives broad coverage and then attempts in the fine print to take away or delete such. To the contrary, all of the insuring

provisions affording coverage, the various perils insured against, and the indemnities payable as the result of death or injury resulting from the various perils are clearly set forth in well separated sections on the front page or face of the policy. Moreover, the insured is repeatedly warned, in type which could not escape his attention, that he is purchasing a limited policy, rather than broad coverage. Under the clear language of the policy and the facts alleged, the beneficiary was entitled to recover only if the death of the insured resulted from his "being struck or knocked down or run over, on a public highway, by any moving vehicle," and in no event would she be entitled to recover more than $1,000.00.

The trial court concluded, under the very limited information given by the pleadings, that the particular hay-baler was "a moving vehicle" within the contemplation of the parties. We specifically refrain from passing upon whether his conclusion in this respect was correct or incorrect. Conceding, for the sake of argument, that, as contended by the plaintiff, the insured was struck by a moving vehicle, there is, we think, still no coverage afforded under the plain language of the policy, since the accidential death did not occur on a public highway. To construe the clause as affording coverage, for an accidental happening off of a highway, is to simply read out of the peril provision the language "on a public highway", which we are not at liberty to do. We think the language clearly provided coverage only with respect to an accident occurring "on a public highway." Just wherein the use of the commas makes the peril clause ambiguous is not pointed out. Just how the insertion or omission of the commas could or would change and give a different meaning to the plain language is not even suggested. The instant case is clearly distinguishable from that of *Walker v. Commercial Casualty Ins. Co.*, 191 S. C. 187, 4 S. E. (2d) 248 (1939), where it was pointed out precisely how a comma, in the context there used, could lead to a different meaning of the language. We quote the following pertinent language from the Walker decision:

" 'Punctuation "may be resorted to as an aid in construction when it tends to throw light on the meaning." ' *Lunt v. Aetna Life Ins. Co.*, 253 Mass 610, 149 N. E. 660, 662. However, punctuation will not control or change a meaning which is plain from a consideration of the whole document. It is always subordinate to the text; and, while it may sometimes shed light upon the meaning of the parties, it is not allowed to overturn what seems the plain meaning of the whole document. *Travelers' Insurance Co. v. Pomerantz*, 124 Misc. 250, 207 N. Y. S. 81; *Zantow v. Old Line Accident Insurance Co.*, 104 Neb. 655, 178 N. W. 507."

We are ever mindful of the well established rule in this jurisdiction that the terms of an insurance policy must be construed most liberally in favor of the insured, and that in case of conflict or ambiguity, a construction will not be adopted that will defeat recovery if the policy is reasonably susceptible of a meaning that will permit recovery. In the instant case we fail to find any ambiguity whatever and under the plain and unambiguous language of the policy, we conclude that the policy simply afforded no coverage in the factual situation alleged.

Judgment of the lower court is, accordingly,

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.